1  **DOLL AMIR & ELEY LLP**
   GREGORY L. DOLL (SBN 193205)
2  MARY TESH GLARUM (SBN 175181)
   1888 Century Park East
3  Suite 1106
   Los Angeles, California  90067
4  Telephone:  (310) 557-9100
   Facsimile:  (310) 557-9101
5
   Attorneys for Defendants
6  AUTONOMY CORPORATION PLC

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
   GA ESCROW, LLC, a Delaware limited          CASE NO.
11 liability company, a Representative for the
   Escrow Participants,                         **NOTICE OF REMOVAL OF ACTION**
12                                              **PURSUANT TO 28 U.S.C. § 1441**
                     Plaintiff,
13
            v.
14
   AUTONOMY CORPORATION PLC, a
15 corporation formed under the laws of England
   and Wales
16
                     Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant Autonomy Corporation PLC ("Autonomy") hereby removes to this Court under the provisions of 28 U.S.C. §§ 1332 and 1441 the state court action described below on the following grounds:

1.    On March 4, 2008, an action was filed in the Superior Court of California, County of San Francisco, Case No C6C-08-472919, entitled *GA Escrow LLC. v. Autonomy Corporation PLC* (the "Action"). A copy of the original summons and complaint in the Action is included in attachment hereto marked as Exhibit A. Pursuant to 28 U.S.C. § 1446(a), the documents marked as Exhibit A includes all process, pleadings and orders served on Defendant in the Action.

2.    On March 4, 2008, Defendant Autonomy was served with a copy of the summons and complaint. The complaint identifies Plaintiff GA Escrow, LLC as a limited liability company, organized under the laws of Delaware, and having its principal place of business in Connecticut. (Complaint, ¶ 2.) The Complaint identifies the sole defendant to the action as Autonomy, a corporation organized under the laws of England and Wales, with a principal place of business in the United Kingdom. (Complaint, ¶ 3.) The Complaint seeks the recovery of $8,000,000, in addition to general and special damages, all from Autonomy.

3.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because it is an action between citizens of citizens of a state and citizens of a foreign state and the amount in controversy exceeds $75,000, and the only defendant to this action, Autonomy is not a citizen of California. The Action is one that may be removed to this Court by Autonomy pursuant to the provisions of 28 U.S.C. § 1441(b).

Dated: April 2, 2008

Respectfully submitted
DOLL AMIR & ELEY

By _____
        Gregory L. Doll
        Attorneys for Defendant Autonomy
        Corporation PLC

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| SHARTSIS FRIESE LLP<br>ARTHUR J. SHARTSIS (Bar #51549)<br>GREGG S. FARANO (Bar #221505)<br>One Maritime Plaza, Eighteenth Floor, San Francisco, CA 94111<br>TELEPHONE NO.: (415) 421-6500    FAX NO.: (415) 421-2922<br>ATTORNEY FOR *(Name):* GA ESCROW, LLC | ENDORSED<br>FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2008 MAR -4  AM 12: 18<br><br>GORDON PARK-LI, CLERK<br><br>BY: _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94114
BRANCH NAME:

CASE NAME:
GA ESCROW, LLC v. AUTONOMY CORPORATION PLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-08-472919<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify):* 6

5. This case ☐ is  ☑ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 4, 2008

Arthur J. Shartsis
_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

SUM-100

# SUMMONS COPY
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTONOMY CORPORATION PLC, a corporation formed under the
laws of England and Wales

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GA ESCROW, LLC, a Delaware limited liability company, as
Representative for the Escrow Participants

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco County Superior Court 400 McAllister Street San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* CGC-08-472919 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur J. Shartsis, Gregg S. Farano, SHARTSIS FRIESE LLP, One Maritime Plaza, 18th Floor,
San Francisco, CA 94102; Telephone: 415-421-6500

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* MAR – 4 2008 | Gordon Park-Li Clerk, by *(Secretario)* | ELLIS, DUTI | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* AUTONOMY CORPORATION PLC

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
GREGG S. FARANO (Bar #221505)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Emails: ashartsis@sflaw.com, gfarano@sflaw.com

Attorneys for Plaintiff
GA ESCROW, LLC

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 MAR -4  AM 12: 18

GORDON PARK-LI, CLERK

BY:_____
DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

AUG - 1 2008 -9:30

DEPARTMENT 212

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| GA ESCROW, LLC, a Delaware limited liability company, as Representative for the Escrow Participants,<br><br>Plaintiff,<br><br>v.<br><br>AUTONOMY CORPORATION PLC, a corporation formed under the laws of England and Wales<br><br>Defendant. | Case No. CGC-08-472919<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; FRAUDULENT MISREPRESENTATION; NEGLIGENT MISREPRESENTATION; UNJUST ENRICHMENT; ACCOUNTING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GA Escrow, LLC ("GA Escrow," the "Escrow Participants' Representative" or "Plaintiff") brings this action against defendant Autonomy Corporation PLC ("Autonomy" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff, the representative of the former shareholders of Zantaz, Inc. ("Zantaz" or the "Company"), brings this action to obtain the return of $8 million that Defendant, which acquired Zantaz, wrongfully misappropriated to itself. In violation of its obligations under the relevant agreements relating to its acquisition of Zantaz, Defendant wrongfully caused the removal of money from an Indemnity Escrow Account, to which these improperly-removed funds should now be returned, along with appropriate interest.

1

## PARTIES

2    2.    Plaintiff GA Escrow is a limited liability company organized under the laws of the

3    State of Delaware with its principal place of business located at 3 Pickwick Plaza, Greenwich,

4    Connecticut 06830.  Zantaz, Inc. is a corporation organized and existing under the laws of the

5    State of California with its principal place of business located at 5758 West Las Positas Blvd,

6    Pleasanton, California 94588.   GA Escrow was and is the appointed Escrow Participants'

7    Representative for Zantaz's former shareholders (as well as former holders of vested Company

8    options and former holders of warrants to purchase shares in the Company) (together, the

9    "Escrow Participants") in connection with Defendant's acquisition of Zantaz by means of the

10    merger of Zantaz into a wholly-owned subsidiary of Defendant.

11    3.    Defendant Autonomy is a corporation formed under the laws of England and

12    Wales with its principal place of business located at Cambridge Business Park, Cowley Road,

13    Cambridge CB4 0WZ, United Kingdom.

14    4.    Antelope Acquisition Corp. ("Antelope") is a corporation organized and existing

15    under the laws of the State of California.  Antelope is a wholly-owned subsidiary of Autonomy,

16    formed by Autonomy for the purpose of acquiring all outstanding securities of Zantaz by means

17    of a merger of Zantaz into Antelope.

18    5.    U.S. Bank National Association ("U.S. Bank" or the "Escrow Agent") is a national

19    banking association doing business in the City of San Francisco in the State of California with its

20    principal place of business in Minneapolis, Minnesota.  U.S. Bank served as the escrow agent for

21    GA Escrow and Autonomy in connection with the acquisition and merger.

22    ## JURISDICTION AND VENUE

23    6.    This action falls within the unlimited civil jurisdiction of this Court because

24    equitable relief is sought and the amount in controversy exceeds $25,000 exclusive of interest,

25    costs and attorneys' fees.

26    7.    Venue is proper in this county under Section 395.5 of the Code of Civil Procedure

27    because the obligations sued upon arose and were to be performed in the City and County of San

28    Francisco.  Additionally, the contracts at issue both include provisions under which all parties to

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

1    this action consent to the jurisdiction of the state courts located in San Francisco, California.

2                                              FACTS

3                                      The Merger Agreement

4        8.      Zantaz provides electronic data archiving software solutions and services to

5    companies throughout the world.

6        9.      On or about July 3, 2007, Autonomy, GA Escrow, Antelope and Zantaz entered

7    into an Agreement and Plan of Merger (the "Merger Agreement") by which Autonomy, through

8    its wholly-owned subsidiary, Antelope, would acquire all of the outstanding shares of Zantaz

9    capital stock (the "Merger Transaction"). Pursuant to Section 2.1 of the Merger Agreement, the

10   aggregate amount to be paid to the former owners of Zantaz was equal to $400,000,000 in cash,

11   less closing deductions (the "Merger Consideration").

12       10.     Pursuant to Section 2.6(c)(i) of the Merger Agreement, an amount equal to

13   $20,500,000 was withheld from the Merger Consideration and placed into escrow. These funds

14   were to be available to satisfy potential indemnification claims to which Autonomy might be

15   entitled pursuant to Article VIII of the Merger Agreement. To the extent not used to cover such

16   indemnification claims, the monies withheld from the Merger Consideration, together with all

17   earnings thereon (the "Indemnity Escrow Fund"), were to be paid to the Escrow Participants.

18       11.     The Merger Agreement entitled Autonomy to seek indemnification from the

19   Indemnity Escrow Fund for various "Losses" as defined in Section 8.2(a). Losses were defined to

20   include, among other things, losses or damages arising out of (1) any breach by the Company of

21   any representation or warranty contained in the Merger Agreement or (2) any breach by the

22   Company of any covenant or agreement contained in the Merger Agreement.

23       12.     The Merger Agreement requires all claims for Losses to be made by written notice

24   delivered by Autonomy to GA Escrow and the Escrow Agent promptly after discovery of a matter

25   giving rise to such a claim.

26       13.     The Merger Transaction closed on or about July 23, 2007. As of that date,

27   Autonomy acquired the Escrow Participants' stock in Zantaz, and Autonomy assumed control and

28   management of Zantaz.

14.    Pursuant to the Representative Agreement, incorporated into the Merger Agreement as Exhibit A, and with the approval of the Escrow Participants, GA Escrow was appointed to act as the representative, attorney-in-fact and agent for and on behalf of the Escrow Participants. As such, it was granted authority to make decisions and take actions pertaining to the Merger Agreement, including but not limited to filing this action.

### The Escrow Agreement

15.    On or about July 20, 2007, GA Escrow, Autonomy, and U.S. Bank entered into an Escrow Agreement (the "Escrow Agreement") appointing U.S. Bank as Escrow Agent. As such, U.S. Bank was to manage the Indemnity Escrow Fund in accordance with the terms of the Escrow Agreement. The Escrow Agreement is incorporated into the Merger Agreement as Exhibit F.

16.    Consistent with the Merger Agreement, the Escrow Agreement provided for Autonomy, at the time of the closing of the Merger Agreement, to deposit $20,500,000 constituting the Indemnity Escrow Fund, with the Escrow Agent.

17.    In accordance with Article VIII of the Merger Agreement, Section 3(b)(ii) of the Escrow Agreement requires Autonomy to make a written request to both the Escrow Participants' Representative and the Escrow Agent for the payment of any claim for indemnification for Losses as defined in Article VIII of the Merger Agreement (a "Payment Request"). Specifically, the Escrow Agreement requires that such a Payment Request "set forth the amount requested, and *in reasonable detail the specific basis* for the determination of the amount of the claim and as to why Parent Indemnitee [Autonomy] is entitled to the payment of such amount (to the extent then known by the Parent Indemnitee)...." (emphasis added.)

### The Deficient Purported Notice of Claim

18.    On September 11, 2007, Autonomy sent a letter to GA Escrow and the Escrow Agent purporting to assert certain claims under Section 8.2(a) of the Merger Agreement for Losses of "approximately" $8,000,000 (the "Notice of Claim"). In its letter, Autonomy claimed the following losses:

"(1) undisclosed liabilities for fixed assets totaling approximately $2,000,000;

(2) undisclosed accounts payable totaling approximately $2,000,000;

- 4 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    (3) inadequate provision for uncollectible accounts receivable of approximately

2    $2,000,000; and

3    (4) inadequate provision for accrued liabilities of approximately $2,000,000."

4    19.    Contrary to the terms of the Escrow Agreement, the Notice of Claim provided *no*

5 "reasonable detail" of any kind for its alleged Losses. As such, the Notice of Claim failed to

6 constitute a proper "Payment Request" as required by Section 3(b)(ii) of the Escrow Agreement.

7    20.    Among its numerous deficiencies, the Notice of Claim was not made for a sum

8 certain. Instead, the letter referenced four general types of Losses, as noted above, and claimed

9 that each totaled "approximately $2,000,000." There is nothing in the transaction documents that

10 contemplates the payment of any "approximate" amounts.

11    21.    Additionally, the Notice of Claim did not state the specific basis in "reasonable

12 detail" for the determination of the amount of the purported Losses. There was no specification

13 whatsoever of the purported "liabilities for fixed assets" alleged to be "undisclosed," the specific

14 "accounts payable" alleged to have been "undisclosed," the specific "accounts receivable" alleged

15 to be "uncollectible," nor the specific "accrued liabilities" for which it is alleged there was

16 "inadequate provision."

17    22.    Additionally, the Notice of Claim failed to set forth any explanation as to what, if

18 any, representations or warranties Autonomy alleges have been breached by the Company that

19 would result in Autonomy's being entitled to payment of any amount under the indemnification

20 provisions of the Merger Agreement.

21    23.    Following receipt of the Notice of Claim, GA Escrow informed Autonomy and the

22 Escrow Agent that it considered the Notice of Claim deficient in that it failed to meet the

23 requirements of a Payment Request under Section 3(b)(ii) of the Escrow Agreement.

24    24.    GA Escrow has repeatedly requested that Autonomy provide specific detail to

25 support the four claims of "approximately $2,000,000" listed in the Notice of Claim. Even

26 though GA Escrow has advised Autonomy in writing that a fraud appears to have been

27 committed, to date Autonomy has refused to provide any information or documentation

28 supporting its Notice of Claim or indicating why its actions do not constitute fraud. Autonomy

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -

1    has noted only that GA Escrow's response fell outside of the "Objection Period," as defined in the

2    Escrow Agreement. Yet, even if true, that is of no consequence because Autonomy's deficient

3    Notice of Claim failed to constitute a proper Payment Request under the Escrow Agreement and

4    was only for an "approximate" amount.

5                        **Autonomy's Deception of the Escrow Agent**

6            25.    On information and belief, Autonomy's failure to provide any support for its

7    Notice of Claim despite repeated requests by GA Escrow is due to the fact that Autonomy

8    knowingly and falsely put forth claims for approximate amounts of Losses without having any

9    reasonable factual basis to support such Losses.

10           26.    In knowingly providing a deficient Notice of Claim, Autonomy made material

11   misrepresentations to the Escrow Agent, U.S. Bank, with the intention that the Escrow Agent

12   would rely upon those misrepresentations and release $8 million to Autonomy.

13           · 27.    In or around September 2007, in reliance on such material misrepresentations, U.S.

14   Bank improperly released $8 million from the Indemnity Escrow Fund to Autonomy thereby

15   causing damages to the Escrow Participants to the extent that such Losses are unsupported.

16                              **FIRST CAUSE OF ACTION**

17                                 **Breach Of Contract**

18           28.    GA Escrow realleges and incorporates paragraphs 1 through 27 above as though

19   fully set forth herein.

20           29.    GA Escrow has performed all conditions, covenants and promises required to be

21   performed on its part in accordance with the terms and conditions of the Merger Agreement and

22   the Escrow Agreement.

23           30.    Defendant breached the Merger Agreement and the Escrow Agreement by, among

24   other things, failing to provide a proper Payment Request to GA Escrow and the Escrow Agent.

25   Defendant purported request was deficient because, among other reasons, (1) it was not made for

26   a sum certain; (2) it did not state the specific basis in "reasonable detail" for the determination of

27   the amount of the purported Losses; and (3) it failed to set forth any explanation as to what

28   representation or warranty Defendant alleges has been breached that would result in Defendant

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 6 -

1    being entitled to payment under the indemnification provisions of the Merger Agreement.

2        31.    There is no provision in any transaction document for a claim for losses in an

3    "approximate" amount. Notwithstanding this, Defendant improperly claimed an "approximate"

4    amount and received $8,000,000.

5        32.    Further, on information and belief, there was no basis for the $8,000,000 in alleged

6    "Losses" claimed by Autonomy.

7        33.    As a result of Defendant's breaches of the Merger Agreement and the Escrow

8    Agreement, GA Escrow and the other Escrow Participants have suffered damages in an amount to

9    be determined at trial, but currently believed to be $8 million, plus interest.

10    <center>**SECOND CAUSE OF ACTION**</center>

11    <center>**Breach Of The Covenant Of Good Faith And Fair Dealing**</center>

12        34.    GA Escrow realleges and incorporates paragraphs 1 through 32 above as though

13    fully set forth herein.

14        35.    An implied term of the Merger Agreement and the Escrow Agreement was that the

15    parties would act in good faith to perform the Merger Agreement and the Escrow Agreement, and

16    that they would take no action to defeat or interfere with or prevent the Agreements from being

17    performed or to interfere with or prevent GA Escrow and the other Escrow Participants from

18    realizing the benefits of the Agreements.

19        36.    On information and belief, Defendant has breached the implied covenant of good

20    faith and fair dealing by, among other things, knowingly and falsely putting forth claims for

21    approximate amounts of Losses without having any reasonable factual basis to support such

22    Losses.

23        37.    As a result of Defendant's breaches of the implied covenant of good faith and fair

24    dealing, GA Escrow and the other Escrow Participants have suffered damages in an amount to be

25    determined at trial, but currently believed to be $8 million, plus interest.

26    <center>**THIRD CAUSE OF ACTION**</center>

27    <center>**Fraudulent Misrepresentation**</center>

28        38.    GA Escrow realleges and incorporates paragraphs 1 through 36 above as though

<div style="text-align:left; font-size:small">SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA<br>EIGHTEENTH FLOOR<br>SAN FRANCISCO, CA 94111</div>

<center>- 7 -</center>

1  fully set forth herein.

2      39.  Pursuant to the terms of the Escrow Agreement, U.S. Bank acted as an agent of

3  GA Escrow in connection with the maintenance and distribution of funds from the Indemnity

4  Escrow Fund.

5      40.  On information and belief, in an effort to obtain a distribution from the Indemnity

6  Escrow Fund, Defendant knowingly and falsely submitted to U.S. Bank claims for approximate

7  amounts of Losses without having any reasonable factual basis to support such Losses.

8      41.  In reliance on such false representations by Defendant, U.S. Bank distributed $8

9  million from the Indemnity Escrow Account to Defendant.  Defendant submitted such claims

10  with the intent that U.S. Bank rely upon them and release $8 million.

11      42.  As a result of Defendant's fraudulent misrepresentations GA Escrow and the other

12  Escrow Participants have suffered damages in an amount to be determined at trial, but currently

13  believed to be $8 million, plus interest.

14      43.  Defendant acted with malice, fraud and oppression in making these

15  misrepresentations, warranting the imposition of punitive damages.

16  <div align="center">**FOURTH CAUSE OF ACTION**</div>

17  <div align="center">Negligent Misrepresentation</div>

18      44.  GA Escrow realleges and incorporates paragraphs 1 through 42 above as though

19  fully set forth herein.

20      45.  Pursuant to the terms of the Escrow Agreement, U.S. Bank acted as an agent of

21  GA Escrow in connection with the maintenance and distribution of funds from the Indemnity

22  Escrow Fund.

23      46.  On information and belief, in an effort to obtain a distribution from the Indemnity

24  Escrow Fund, Defendant negligently and recklessly submitted to U.S. Bank claims for

25  approximate amounts of Losses without having any reasonable factual basis to support such

26  Losses.

27      47.  In reliance on such negligent and reckless representations by Defendant, U.S.

28  Bank distributed $8 million from the Indemnity Escrow Account to Defendant.  Defendant

ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 8 -

1   submitted such claims with the intent that U.S. Bank rely upon them and release $8 million.

2      48.    As a result of Defendant's negligent misrepresentations, GA Escrow and the other

3   Escrow Participants have suffered damages in an amount to be determined at trial, but currently

4   believed to be $8 million, plus interest.

5                          **FIFTH CAUSE OF ACTION**

6                             Unjust Enrichment

7      49.    GA Escrow realleges and incorporates paragraphs 1 through 47 above as though

8   fully set forth herein.

9      50.    Defendant has been unjustly enriched because it has received a distribution from

10   the Indemnity Escrow Fund without having provided a proper Payment Request under the terms

11   of the Escrow Agreement.

12      51.    Defendant has also been unjustly enriched because it has been provided $8 million

13   when in fact, on information and belief, any claims it has for Losses under the Merger Agreement

14   are less than $8 million.

15      52.    It is unfair, inequitable and unconscionable for Defendant to obtain and retain such

16   a windfall and receive unjust enrichment at the expense of the Escrow Participants.

17      53.    Defendant has been unjustly enriched in an amount to be determined at trial, but

18   currently believed to be $8 million, plus interest.   The entire sum should be returned to the

19   Indemnity Escrow Fund.

20                          **SIXTH CAUSE OF ACTION**

21                             Accounting

22      54.    GA Escrow realleges and incorporates paragraphs 1 through 52 above as though

23   fully set forth herein.

24      55.    GA Escrow seeks an accounting of the exact Losses arising out of any breaches of

25   any representations, warranties, covenants or agreements in the Merger Agreement so that it may

26   obtain a full and proper disbursement of the Indemnity Escrow Fund to the Escrow Participants in

27   accordance with the terms of the Merger Agreement.

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 9 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## PRAYER

**WHEREFORE,** Plaintiff GA Escrow, as Escrow Participants' Representative prays for judgment as follows:

1. For the return by Defendant of the $8 million it received from the Escrow Agent for its claims for purported Losses to the Indemnity Escrow Fund, plus interest;

2. For an accounting of any and all Losses, as defined in the Merger Agreement, claimed by Defendant;

3. For general and special damages sufficient to compensate GA Escrow for all economic injury suffered as a result of Defendant's misconduct;

4. For punitive damages in such amount as the Court or the jury may award;

5. For costs of suit incurred herein, including reasonable attorneys' fees; and

6. For other and further relief as the Court may deem just and proper.

DATED: March 4, 2008                    SHARTSIS FRIESE LLP

                                        By: _____
                                              ARTHUR J. SHARTSIS

                                        Attorneys for Plaintiff
                                        GA ESCROW, LLC


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 4, 2008                    SHARTSIS FRIESE LLP

                                        By: _____
                                              ARTHUR J. SHARTSIS

                                        Attorneys for Plaintiff
                                        GA ESCROW, LLC

7602\001\GFARANO\1491498.2

Case No.                              COMPLAINT

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> **DATE:** AUG-01-2008
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

### Superior Court of California
### County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

*Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

### MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

*Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐  Private Mediation          ☐  Mediation Services of BASF    ☐  Judicial Mediation
☐  Binding arbitration                                                      Judge _____
☐  Non-binding judicial arbitration                                    Judge _____
☐  BASF Early Settlement Program
☐  Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____
_____
_____
_____
_____

| | | |
|---|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
 STREET ADDRESS:
 MAILING ADDRESS:
 CITY AND ZIP CODE:
 BRANCH NAME:

 PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
 Date:                    Time:              Dept.:              Div.:              Room:
 Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
    a. ☐ This statement is submitted by party *(name):*
    b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*
        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
        (3) ☐ have had a default entered against them *(specify names):*
    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
    a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc. www.FormsWorkflow.com |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐    *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request    ☐ a jury trial    ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.    ☐    The trial has been set for *(date):*
    b.    ☐    No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.    ☐    days *(specify number):*
    b.    ☐    hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial    ☐    by the attorney or party listed in the caption    ☐    by the following:
    a.    Attorney:
    b.    Firm:
    c.    Address:
    d.    Telephone number:
    e.    Fax number:
    f.    E-mail address:
    g.    Party represented:
    ☐    Additional representation is described in Attachment 8.

9.  **Preference**
    ☐    This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.    Counsel    ☐ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.    ☐    All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.    ☐    The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights: ☐ Yes ☐ No
   c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a.  ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]  **CASE MANAGEMENT STATEMENT**  Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

Party                                Description                                         Date

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none   ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)

                                                      ☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

1                                    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the County of Los Angeles, State of California. I am over the age of 18
     and not a party to the within action; my business address is 1888 Century Park East, Suite 1106,
4    Los Angeles, California 90067.

5        On April 2, 2008, I served the foregoing document(s) described as **NOTICE OF**
6    **REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441** on the parties in this action by
     serving:
7                                Arthur J. Shartsis, Esq.
                                 Gregg S. Farano, Esq.
8                                Shartsis Friese LLP
                                 One Maritime Plaza, 18th Floor
9                                San Francisco, CA 94111

10   **( X )    By Envelope:** by placing ( ) the original ( **X** ) a true copy thereof enclosed in sealed
     envelopes addressed as above and delivering such envelopes:
11

12   **( X )    By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and
     processing correspondence for mailing. Under that practice it would be deposited with the U.S.
13   postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the
     ordinary course of business. I am aware that on motion of the party served, service is presumed
14   invalid if postal cancellation date or postage meter date is more than one day after date of deposit
     for mailing in affidavit.

15   **( )    By Personal Service:** I delivered such envelope by hand to the offices of the addressee(s).

16   **( )    By Federal Express:** I caused the envelope(s) to be delivered to the Federal Express office
17   for delivery on the next-business-day basis to the offices of the addressee(s).

18   **( )    By Facsimile Transmission:** On April 2, 2008, I caused the above-named document to be
     transmitted by facsimile transmission to the offices of the addressee(s) at the facsimile number(s) so
19   indicated above. The transmission was reported as complete and without error.

20   **( )    By Electronic Mail:** I scanned and submitted an electronic versions of the document via
     electronic mail to the attached Service List and confirmed receipt of the e-mail.
21

22       Executed on April 2, 2008 at Los Angeles, California.

23   **( )    STATE** I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.

24   **(X)    FEDERAL** I declare that I am employed in the office of a member of the bar of this court
     at whose direction the service was made.
25

26

27                                        Susan Reimers

28

---

PROOF OF SERVICE