**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
MARY TESH GLARUM (SBN 175181)
mglarum@dollamir.com
1888 Century Park East
Suite 1106
Los Angeles, California  90067
Telephone: (310) 557-9100
Facsimile:  (310) 557-9101

Attorneys for Defendants
AUTONOMY CORPORATION PLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GA ESCROW, LLC, a Delaware limited liability company, a Representative for the Escrow Participants,<br><br>Plaintiff,<br><br>v.<br><br>AUTONOMY CORPORATION PLC, a corporation formed under the laws of England and Wales<br><br>Defendants. | CASE NO.  C08-01784-SI<br><br>**DEFENDANT AUTONOMY CORPORATION PLC'S AMENDED NOTICE OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: July 11, 2008<br>Time:  9:00 a.m. |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF GA ESCROW, LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, July 11, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Susan Illston, Defendant Autonomy Corporation PLC ("Autonomy") will move, and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing plaintiff GA Escrow, LLC's ("GA Escrow") Complaint for failure to state a claim on which relief can be granted.  Autonomy respectfully requests that GA Escrow's Complaint be dismissed without leave to amend.

GA Escrow asks this Court to compel the return of $8 million properly paid to

Autonomy pursuant to the clear and unambiguous terms of agreements between the parties arising out of a merger transaction.  Those agreements, however, provide not only for unfettered discretion in making such payments, but also the procedure for contesting such payments, including formal objections timely made.  GA Escrow failed to follow such procedures, and on that basis cannot contest the payments by this lawsuit.  As such, GA Escrow's complaint should be dismissed.

This motion will be based on this Amended Notice of Motion; the Memorandum of Points and Authorities and Declaration of Andrew M. Kanter in Support of Defendant Autonomy Corporation plc's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, duly filed with the Court on April 9, 2008; the records and file herein; and such evidence as may be presented at the hearing of the motion.

Dated: April 14, 2008                              Respectfully submitted,

                                                   DOLL AMIR & ELEY


                                                   By _____ /s / _____.
                                                           Gregory L. Doll
                                                   Attorneys for Defendant Autonomy Corporation plc

AMENDED NOTICE OF MOTION TO DISMISS

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, California 90067.

On April 14, 2008, I served the foregoing document(s) described as **DEFENDANT AUTONOMY CORPORATION PLC'S AMENDED NOTICE OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** on the parties in this action by serving:

Arthur J. Shartsis, Esq.
Gregg S. Farano, Esq.
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111

( )    **By Envelope**: by placing ( ) the original ( **X** ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

( )    **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )    **By Personal Service:** I delivered such envelope by hand to the offices of the addressee(s).

( )    **By Facsimile Transmission:** On April 14, 2008, I caused the above-named document to be transmitted by facsimile transmission to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error.

( )    **By Electronic Mail:** I scanned and submitted an electronic versions of the document via electronic mail to the attached Service List and confirmed receipt of the e-mail.

( **X** )    **By Electronic Filing:** Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

Executed on April 14, 2008 at Los Angeles, California.

( )    **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( **X** )    **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____/s/_____.
Susan Reimers