IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GA ESCROW, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>AUTONOMY CORPORATION PLC, a corporation formed under the laws of England and Wales,<br><br>            Defendant. | No. C 08-1784 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

Defendants have filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is scheduled for hearing on July 11, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss, with leave to amend no later than August 1, 2008.

**BACKGROUND**[1]

On or about July 3, 2007, defendant Autonomy Corporation PLC ("defendant"), plaintiff GA Escrow, LLC ("plaintiff"), Zantaz, Inc. ("Zantaz") and Antelope Acquisition Corp. ("Antelope") entered into an Agreement and Plan of Merger ("merger agreement") by which defendant acquired, through its

---

[1] All facts are taken from plaintiff's complaint and the documents whose contents it references. *See Branch v. Tunnell*, 14 F.3d. 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

wholly owned subsidiary Antelope, all of the outstanding shares of Zantaz capital stock for approximately $400 million. Pursuant to Article VIII of the merger agreement, $20,500,000 was withheld from the acquisition and placed into escrow to satisfy potential indemnification claims by defendant, with any unclaimed portion to be paid to plaintiff, Zantaz's former shareholders, and former holders of vested Zantaz options and warrants to purchase Zantaz shares (collectively, "escrow participants").[2] Article VIII entitled defendant to seek indemnification for various losses, including breach by Zantaz of any representation or warranty, or any covenant or agreement, contained in the merger agreement. Any losses defendant claimed had to be made in writing and delivered to plaintiff and U.S. Bank, the appointed escrow agent and manager of the escrow fund. The July 20, 2007 escrow agreement into which plaintiff, defendant and U.S. Bank entered contained a similar provision, requiring defendant to "set forth the amount requested, and in reasonable detail the specific basis for the determination of the amount of the claim and as to why [defendant] is entitled to the payment of such amount (to the extent then known by [defendant]) . . . ." *See* Def.'s Motion Ex. B at 2-3. Plaintiff could object to the claim in writing within 10 business days, the so-called "Objection Period." *See id.* at 3. In the event that U.S. Bank received such an objection within 10 business days, the escrow agreement instructed U.S. Bank to not disburse the disputed portion, pending resolution as provided by the agreement. *See id.* If the objection period passed without U.S. Bank receiving an objection, the escrow agreement authorized U.S. Bank to disburse the requested amount. *See id.*[3]

On September 11, 2007, defendant sent plaintiff and U.S. Bank a "Notice of Claim and Payment Request" for approximately $8 million. *See* Def.'s Motion Ex. C at 1 ("[Defendant] has incurred Losses or anticipate[s] that [it] will incur Losses for which [it is] entitled to indemnification pursuant to the Merger Agreement. The amount of such Losses or a reasonable estimate of the foreseeable maximum amount of such Losses is equal to approximately $8,000,000."). Defendant's September 11, 2007

---

[2] The escrow participants signed an agreement appointing plaintiff to act as the representative, attorney-in-fact and agent for and on behalf of the escrow participants.

[3] The merger agreement, likewise, provided, "if [plaintiff] does not timely give notice to [defendant and U.S. Bank] in accordance with the terms of the Escrow Agreement that it disputes the claim for indemnity that is subject to the Notice of Claim, the Losses specified in such Notice of Claim will be conclusively deemed Losses subject to indemnification hereunder and the Escrow Agreement." *See* Def.'s Motion Ex. A at 67.

correspondence advised plaintiff and U.S. Bank that the "letter shall constitute (i) a Notice of Claim pursuant to Section 8.5 of the Merger Agreement, and (ii) a Payment Request with respect to indemnification for Losses under Article VIII of the Merger Agreement in accordance with Section 3(b) of the Escrow Agreement." *Id.* Defendant described the "basis for such Losses" as follows:

> 1. Accounts Payable / Liabilities for Fixed Assets
> [Zantaz] (i) has material liabilities for fixed assets in the amount of approximately $2,000,000 which were not disclosed to [defendant], and (ii) did not properly reflect additional accounts payable in its financial statements in the amount of approximately $2,000,000. [Defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.
>
> 2. Accounts Receivable
> [Zantaz] made inadequate provision for uncollectible accounts receivable in an amount equalling (sic) approximately $2,000,000, and [defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.
>
> 3. Insufficiency of Accruals in Financial Statement
> [Zantaz] made inadequate provision for accrued liabilities in its financial statements in an amount equalling (sic) approximately $2,000,000, and [defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.

*Id.* at 2. As plaintiff did not object to defendant's notice of claim prior to the close of the objection period on September 25, 2007, U.S. Bank accordingly released the funds requested by defendant. On October 2, 2007, plaintiff sent a written objection to defendant and U.S. Bank, advising them that it considered defendant's "Notice of Claim and Payment Request" deficient because it failed to meet the requirements of the escrow agreement.[4]

On March 4, 2008, plaintiff filed a complaint against defendant in the Superior Court of California, County of San Francisco, alleging six causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) fraudulent misrepresentation, (4) negligent misrepresentation, and (5) unjust enrichment. The sixth cause of action seeks an accounting of the exact losses in order to obtain a proper disbursement of the monies from the escrow fund.

On April 2, 2008, defendant removed the action to federal court, pursuant to the diversity

---

[4] Plaintiff alleges that although it requested that defendant provide specific detail to support its notice of claim and advised defendant in writing that its notice of claim was fraudulent, defendant has failed to provide any further information or documentation supporting its notice of claim or indicate why its conduct did not constitute fraud.

3

jurisdiction provisions of 28 U.S.C. § 1332 and the removal provisions of 28 U.S.C. § 1441(b). Now before the Court is defendant's motion to dismiss the claims alleged in plaintiff's complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss on the ground that the express terms of the parties' merger and escrow agreements bar each of plaintiff's claims as a matter of law. Defendant contends that it submitted its "Notice of Claim and Payment Request" in accordance with these agreements and plaintiff

4

failed to object within the objection period,[5] thereby waiving its contractual right to object to the payment. Defendant argues that, once the objection period passed without an objection, the merger agreement "conclusively deemed" defendant's claimed losses "subject to indemnification," *see* Def.'s Motion Ex. A at 67, causing U.S. Bank to release the appropriate funds to indemnify defendant, in accordance with the parties' agreement, *see id.*; Def.'s Motion Ex. B at 2-3.

Plaintiff's causes of action are all based on the underlying allegation that defendant's "Notice of Claim and Payment Request" was deficient and contrary to the escrow agreement's requirements, and that defendant thereby wrongfully caused the removal of the $8 million from the escrow fund. Plaintiff alleges that defendant's "Notice of Claim and Payment Request" was deficient because it (1) provided no "reasonable detail" for defendant's alleged losses, *see* Complaint at ¶ 19; (2) did not state a sum certain, but instead referenced four general types of losses, each totaling "approximately $2,000,000," without stating the specific basis in "reasonable detail" for the determination of the amounts; and (3) failed to explain what representations or warranties, if any, defendant alleges that Zantaz breached, thereby entitling defendant to payment under the merger agreement's indemnification provisions. Plaintiff further alleges that defendant's subsequent failure to provide support for its "Notice of Claim and Payment Request" or indicate why it was not fraudulent is due to defendant having "knowingly and falsely put forth claims for approximate amounts of Losses without having any reasonable basis to support such Losses." *See* Complaint at ¶ 25. Lastly, plaintiff contends that, in knowingly providing a deficient notice of claim, defendant made material misrepresentations to U.S. Bank, intending to induce reliance and the improper release of $8 million to defendant, and that U.S. Bank did rely on defendant's misrepresentations when it improperly released $8 million to defendant, thereby causing damages to the escrow participants "to the extent that [defendant's claimed] Losses are unsupported." *See* Complaint at ¶ 26-27.

The Court finds that the problem with the allegations underlying plaintiff's various causes of action is that they all address the form and content of defendant's "Notice of Claim and Payment

---

[5] As defendant submitted its "Notice of Claim and Payment Request" on September 10, 2007, § 3(b)(iii) of the escrow agreement required plaintiff to tender any objection no later than September 25, 2007, and plaintiff did not object until October 2, 2007. *See* Def.'s Motion Ex. B at 2.

5

Request." Plaintiff does not dispute that it received defendant's notice in accordance with the delivery provisions in § 11 of the escrow agreement, nor does plaintiff allege that the parties' agreements were invalid. The terms of those agreements expressly provided plaintiff 10 business days to object to defendant's "Notice of Claim and Payment Request." Plaintiff does not deny that it had a contractually afforded opportunity to object on the very grounds that it now raises,[6] namely that defendant's notice was deficient and not in compliance with the parties' agreements, and failed to lodge an objection of any kind. The allegations that plaintiff now raises concern the face of defendant's notice, and could have been raised during the objection period. By the terms of the parties' agreements, plaintiff's failure to object triggered the contractual provisions that deemed the "Notice of Claim and Payment Request" conclusively proper and caused U.S. Bank to release the requested funds from escrow. The express terms of the parties' agreements bar plaintiff's claims as a matter of law. Even assuming the truth of plaintiff's allegations and drawing all inferences in plaintiff's favor, plaintiff's complaint fails to state a claim on which the Court could grant relief.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss plaintiff's complaint [Docket No. 5]. Should plaintiff wish to do so, it may file an amended complaint no later than August 1, 2008. If plaintiff elects to file an amended complaint, it must also comply with Federal Rule of Civil Procedure 9(b) and plead fraud with the requisite particularity.

**IT IS SO ORDERED.**

Dated: July 8 , 2008

SUSAN ILLSTON
United States District Judge

---

[6] Even the fraudulent and negligent misrepresentation claims, respectively, are based on the allegation that, on information and belief, defendant "knowingly and falsely," Complaint at ¶ 40, and "negligently and recklessly," Complaint at ¶ 46, submitted its "Notice of Claim and Payment Request" to U.S. Bank without having "any reasonable factual basis to support such Losses," Complaint at ¶ 40, 46. Plaintiff does not provide any indication as to why it was precluded from raising these same objections during the contractually afforded objection period. The discovery rule to which plaintiff cites is not applicable on the basis of plaintiff's present allegations.