1    SHARTSIS FRIESE LLP
     ARTHUR J. SHARTSIS (Bar #51549)
2    GREGG S. FARANO (Bar #221505)
     KATHERINE R. CALDWELL (Bar #247390)
3    One Maritime Plaza, Eighteenth Floor
     San Francisco, CA  94111
4    Telephone:  (415) 421-6500
     Facsimile:  (415) 421-2922
5    Emails:  ashartsis@sflaw.com, gfarano@sflaw.com

6    Attorneys for Plaintiff
     GA ESCROW, LLC
7
     DOLL AMIR & ELEY LLP
8    GREGORY L. DOLL (Bar # 193205)
     RONALD M. ST. MARIE (Bar # 101398)
9    MARY TESH GLARUM (Bar # 175181)
     1888 Century Park East, Suite 1106
10   Los Angeles, CA  90067
     Telephone:  (310) 557-9100
11   Facsimile:  (310) 557-9101
     Emails:   gdoll@dollamir.com, rstmarie@dollamir.com,
12   mglarum@dollamir.com

13   Attorneys for Defendant
     AUTONOMY CORPORATION PLC
14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                    SAN FRANCISCO DIVISION
17

18   GA ESCROW, LLC, a Delaware limited          Case No.  C08-01784-SI
     liability company, as Representative for the
19   Escrow Participants,                        JOINT CASE MANAGEMENT
                                                 CONFERENCE STATEMENT AND
20              Plaintiff,                        PROPOSED ORDER

21        v.                                      Date:    August 15, 2008
                                                  Time:    2:00 p.m.
22   AUTONOMY CORPORATION PLC, a                  Dept.:   10
     corporation formed under the laws of
23   England and Wales,                           Judge:    The Honorable Susan Illston

24              Defendant.

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Pursuant to the Northern District's Standing Order and the Court's order dated April 30, 2008, plaintiff GA Escrow, LLC ("GA Escrow" or "Plaintiff") and defendant Autonomy Corporation PLC ("Autonomy" or "Defendant") respectfully submit this Joint Case Management Statement.

**1.      Jurisdiction and Service.**

This action was originally filed by Plaintiff in the Superior Court of California, County of San Francisco.  On April 2, 2008 defendant removed this action to federal court, pursuant to the diversity jurisdiction provisions of 28 U.S.C. § 1332 and the removal provisions of 28 U.S.C. § 1441(b).  Venue is proper in the Northern District of California pursuant to 28 U.S.C. 1391(a) and (c) because a substantial part of the events giving rise to the claim occurred and Defendant is subject to personal jurisdiction in this judicial district.  Additionally, the parties to this action have consented to the jurisdiction of the federal courts located in San Francisco, California.

There are no issues regarding personal jurisdiction or venue, and there are no other parties to be served.

**2.      Facts.**

**a.      Plaintiff's Brief Description of the Case.**

Plaintiff, the representative of the former shareholders of Zantaz, Inc. ("Zantaz""), brings this action to obtain the return of $8 million that Defendant, which acquired Zantaz, wrongfully misappropriated to itself.  Defendant fraudulently caused the removal of money from an Indemnity Escrow Account, to which these improperly-removed funds should now be returned, along with appropriate interest.

This case arises out of indemnity claims made by Defendant following Defendant's acquisition of Zantaz by means of the merger of Zantaz into a wholly-owned subsidiary of Defendant in July 2007.   GA Escrow was and is the appointed Escrow Participants' Representative for Zantaz's former shareholders (together, the "Escrow Participants") in connection with Defendant's acquisition of Zantaz.  Pursuant to the merger agreement, an amount equal to $20,500,000 was placed into escrow to satisfy potential indemnification claims to which Defendant might be entitled.  To the extent not used to cover such indemnification claims, the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

monies placed into escrow were to be paid to the Escrow Participants.

On September 11, 2007, Defendant sent a letter to GA Escrow and the Escrow Agent, U.S. Bank, purporting to assert certain claims under the merger agreement for losses of approximately $8,000,000 (the "Notice of Claim"). In submitting its Notice of Claim, Autonomy knowingly and falsely put forth claims for losses without having any reasonable factual basis to support such losses. Autonomy did so with the intention that (1) GA Escrow would rely upon its misrepresentations and not object to the Notice of Claim; and (2) the Escrow Agent would rely upon those misrepresentations and release $8 million to Autonomy. On or around September 26, 2007, the Escrow Agent did release $8 million to Autonomy.

GA Escrow did not learn that there was no basis for Autonomy's claimed losses until after the last day to file an objection to the Notice of Claim under the terms of the merger agreement, when it was advised by a former officer of the Company with knowledge of Zantaz's finances. After being so advised, GA Escrow requested that Autonomy provide specific detail to support its claimed losses. Despite GA Escrow's repeated requests for specific detail to support its claimed losses listed in the Notice of Claim, to date Autonomy has failed to provide any specific information or documentation that substantiates its claims.

Plaintiff believes that the principal disputed factual issues may include:

a.    Whether Autonomy had any basis for the losses claimed in its Notice of Claim under the terms of the merger agreement.

b.    Whether Autonomy had performed any calculations to support the claimed losses included in its Notice of Claim prior to submitting such Notice of Claim.

**b.    Defendant's Brief Description of the Case.**

This is a case where two highly sophisticated commercial entities, each represented by prestigious law firms, entered into an expensive corporate transaction, in which the defendant, Autonomy, paid $375 million to acquire a third party, Zantaz. Roughly $20 million of that purchase price was set aside in an escrow account maintained at U.S. Bank, to be used to indemnify Autonomy for losses it might sustain in connection with the aforementioned acquisition. A very simple procedure was established by the parties—negotiated at arm's

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

length—to be applied to claims by Autonomy for indemnity:

Step One:    Autonomy was to submit written notice—a "Payment Request"—of its alleged claim for losses subject to indemnification.

Step Two:    GA Escrow would then have 10 days to object to the Payment Request.

Step Three:    If GA Escrow objected to the Payment Request for any reason, no funds would be released to Autonomy. But if GA Escrow did not object, Autonomy's claimed losses would be "conclusively deemed Losses subject to indemnification," and the appropriate funds to indemnify Autonomy for these Losses would be released from the escrow account.

Autonomy followed the procedures set forth in the Escrow Agreement to the letter: On September 11, 2007, Autonomy submitted a Payment Request for entirely valid claimed "Losses" to be indemnified by GA Escrow in connection with the merger (in fact, Autonomy sustained well over $12 million in indemnifiable Losses). Autonomy delivered a copy of its "Payment Request" to U.S. Bank, GA Escrow, and GA Escrow's corporate counsel (Paul, Weiss, Rifkind, Wharton & Garrison LLP). Autonomy made it clear that this document, with a subject line that reads "Zantaz, Inc. Notice of Claim," was indeed "a Payment Request with respect to indemnification of Losses under Article VIII of the Merger Agreement in accordance with Section 3(b) of the Escrow Agreement."

Ten days passed without objection by GA Escrow or its counsel. Seven more days passed with no word from GA Escrow or its counsel. Then, on the 17th day after Autonomy made its Payment Request, GA Escrow asserted a belated objection, seeking to block the release of funds to Autonomy for the Losses which, pursuant to the agreement of the parties, had already been "conclusively" established. U.S. Bank – a sophisticated banking institution serving as the escrow agent in this transaction – had already released the indemnification funds to Autonomy in accordance with Section 3(b)(iv) of the Escrow Agreement. These "Losses" had been "conclusively" established and cannot now be claimed as "damages" sustained by GA Escrow in this litigation.

The Court already granted a motion to dismiss with respect to GA Escrow's original

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 3 -

complaint, granting leave to amend the fraud claims asserted therein. Autonomy does not believe that the vague and unsupported allegations of fraud contained in the First Amended Complaint are sufficient to satisfy Federal Rule of Civil Procedure 9(b) and that this case is ripe for resolution at the motion to dismiss stage. In the event that this case is not dismissed under Rule 12(b), Defendant intends to file a counterclaim seeking an additional $4 million in losses.

**3.      Legal Issues.**

Plaintiff believes that the principal legal issues may include:

a.      Whether Defendant made fraudulent misrepresentations to GA Escrow and the Escrow Agent.

b.      Whether Defendant made negligent misrepresentations to GA Escrow and the Escrow Agent.

c.      Whether Defendant breached the implied covenant of good faith and fair dealing implied in the merger agreement and the escrow agreement.

d.      Whether Defendant has been unjustly enriched.

e.      Whether Defendant breached the terms of the merger agreement and the escrow agreement

Defendant believes that the principal legal issues include:

a.      Whether each of Plaintiff's claims is barred by the express terms of the parties' agreements;

b.      Whether Plaintiff's vague and conclusory allegations of fraud are sufficient to satisfy Federal Rule of Civil Procedure 9(b).

**4.      Motions.**

Defendant filed a motion to dismiss on April 9, 2008. On July 8, 2008, the Court granted the motion with leave to amend. Plaintiff filed its First Amended Complaint on August 1, 2008. Defendant will be filing a motion to dismiss on or before August 18, 2008.

**5.      Amendment of Pleadings.**

At this time, Plaintiff does not anticipate adding or dismissing any parties or claims.

Case No.
C08-01784-SI

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
AND PROPOSED ORDER

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**6.      Evidence Preservation.**

Plaintiff has preserved all documents and other materials in its possession, custody or control relevant to the issues in this action.

Defendant has preserved all documents and other materials in its possession, custody, or control.

**7.      Disclosures.**

The parties have agreed to make their written initial disclosures on or before August 29, 2008 and to exchange documents on or before September 5, 2008.

**8.      Discovery.**

No discovery has been taken to date.

a.      <u>Subjects</u>:

Plaintiff anticipates taking discovery regarding the basis for the losses claimed by Defendant in its Notice of Claim.  Plaintiff further anticipates taking discovery regarding the work and documentation, if any, supporting the calculation of the claimed losses included in Defendant's Notice of Claim.

Defendant anticipates taking discovery regarding Plaintiff's failure to object to the Losses within the designated period, and all of the purported bases upon which Plaintiff has now asserted fraud allegations.

b.      <u>Whether discovery should be phased or limited to / focused on particular issues</u>:

The parties believe the issues are limited enough that no phasing of discovery is necessary.

c.      <u>Whether e-discovery issues are anticipated</u>:

Plaintiff anticipates seeking discovery with regard to the creation dates and last edit dates of documents, if any, that Defendant claims support the calculation of the claimed losses included in Defendant's Notice of Claim

d.      <u>Whether there are any privilege/protection issues</u>:

The parties do not anticipate any privilege issues at this time.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

e.    Whether there should be any changes or additions to the discovery rules:

The parties do not believe any changes or additions to the discovery rules are required at this time, but reserve the right to seek additional discovery by stipulation or motion.

f.    Whether any other orders pursuant to Fed. Civ. P. Rules 26(c), 16(b) or 16(c):

The parties anticipate filing a stipulated request for a Protective Order.

**9.    Class Actions.**

Not applicable

**10.    Related Cases.**

The parties are unaware of any action related to this action.

**11.    Relief.**

Plaintiff seeks the return by Defendant of the $8 million it received from the Escrow Agent for its claims for purported losses to the Indemnity Escrow Fund, plus appropriate interest. Plaintiff further seeks an accounting of any and all "losses," as defined in the Merger Agreement; claimed by Defendant.  Plaintiff also seeks punitive damages in such amount as the Court or the jury may award.

**12.    Settlement and ADR.**

The parties have agreed to jointly request an early settlement conference before a Magistrate Judge, and will comply with Local Rule 3-5.

**13.    Consent to Magistrate Judge For all Purposes.**

This case was originally assigned for trial to Chief Magistrate Judge James Larson before being reassigned to the Honorable Susan Illston.  The parties respectfully do not consent to proceed before a magistrate judge.

**14.    Other References.**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

Plaintiff does not believe that the issues can be narrowed by agreement or by motion at this time; nor does it believe that a narrowing of the issues is necessary to expedite the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1   presentation of evidence at trial.  Plaintiff does not request that any issues, claims, or defenses be

2   bifurcated.

3       Defendant believes that this case is suitable for disposition on a motion to dismiss, or, if

4   such motion were denied, on a motion for summary judgment.

5   **16.  Expedited Schedule.**

6       The parties do not believe an expedited schedule is necessary.

7   **17.  Scheduling.**

8       The parties propose the following schedule:

9   Initial disclosures completed:    September 5, 2008

10  Fact discovery closes:    March 27, 2009

11  Expert disclosures:    March 27, 2009

12  Rebuttal expert disclosures:    April 17, 2009

13  Expert discovery closes:    May 8, 2009

14  Last day to file dispositive motions:  May 22, 2009

15  Hearing on dispositive motions:    June 26, 2009

16  Pretrial Conference:    July 21, 2009

17  Trial:    July 27, 2009

18  **18.  Trial.**

19      The case will be tried to a jury.  The parties estimate the trial will take 7-10 days.

20  **19.  Disclosure of Non-party Interested Entities or Persons.**

21      Plaintiff filed the "Certification of Interested Entities or Persons" required by Civil Local

22  Rule 3-16 on August 8, 2008.  As stated in the certification, Plaintiff believes that the following

23  listed persons (i) have a financial interest in the subject matter in controversy or in a party to the

24  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

25  substantially affected by the outcome of this proceeding:  Zantaz, Inc., Autonomy, Inc., and the

26  Escrow Participants listed on Exhibit A to this Case Management Statement.

27      Defendant filed the "Certification of Interested Entities or Persons" required by Civil

28  Local Rule 3-16 on August 8, 2008.  As stated in the certification, Defendant believes that the

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    persons following listed persons (i) have a financial interest in the subject matter in controversy

2    or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a

3    party that could be substantially affected by the outcome of this proceeding: Zantaz, Inc.

4    **20.    Other Matters.**

5    At this time, the parties are not aware of other matters that may facilitate the disposition of

6    this matter.

7    DATED:  August 8, 2008                          SHARTSIS FRIESE LLP

8

9                                                    By:  _____*/s/ Gregg S. Farano*_____
                                                              GREGG S. FARANO
10                                                   Attorneys for Plaintiff
                                                     GA ESCROW, LLC
11
     DATED:  August 8, 2008                          DOLL AMIR & ELEY LLP
12

13

14                                                   By:  _____*/s/ Gregory Lawrence Doll*_____
                                                          GREGORY LAWRENCE DOLL
15                                                   Attorneys for Defendant
                                                     AUTONOMY CORPORATION PLC
16

17              **ATTESTATION PURSUANT TO GENERAL ORDER 45 § X(B)**

18          The ECF registered attorney, by virtue of his/her electronic filing of this document, attests

19    that in concurrence with the filing of this document, original signatures have been obtained from

20    each of the signatories named herein.

21                                 **CASE MANAGEMENT ORDER**

22          The Case Management Conference Statement and Proposed Order is hereby adopted by

23    the Court as the Case Management Order for the case and the parties are ordered to comply with

24    this order.

25    Dated:  _____      _____

26                                             The Honorable Susan Illston
                                               United States District Judge
27    7602\001\1528219.1

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.                    JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C08-01784-SI                            AND PROPOSED ORDER

# EXHIBIT A

**EXHIBIT A**
**Disclosure of Non-Party Interested Entities or Persons**

"Escrow Participants" as defined in the Agreement and Plan of Merger entered into by Autonomy PLC, GA Escrow, LLC, Antelope Acquisition Corp and Zantaz, Inc. dated  July 3, 2007

Ziad Abi-Karam
Paul Addis
Advanced Equities Investment IV
Advanced Equities Investment IV
Alan Jeffrey
Lana Alber
Alex Hill
Jane Allen
Patricia Allen
Renee Amaral-Corvello
Andrew Moffat
Peter Arbogast
Kathleen Archambeau
Athena Venture Fund LP
Robert Atherton
Aud Investments Limited
B.F. Saul Company Employees' Profit Sharing
Dwight & Robin Badger Joint Tenants
Dwight Badger
Dwight & Robin Badger, Joint Tenants
Daniel Bankert
William E & Joan Bankert, Trustees UDT 9/30/02, Community Property
William E. Bankert
Michael Barry
David Bartle
Jean L. Batman
Bayview 2000, L.P. Liquidating Trust
Robert Beene
John M. Belchers & Leslie F. Belchers, Trustees
Gregory Bergfeld
Harriett M Bessette
Paul Bessette
Paul Bessette and Alison Treanor
Paul Morgan Bessette  - Charles Schwab & Co., FBO IRA Rollover Account No. 1559-7498
Stephen Bessette
Tom Bevilacqua

Daniel J. Biasotti
Brad Bischoff
Merritt S. and Gregory D. Blake
Blue Hill Investors, LLC
Robert Bobb
Wendy Bohannon
James Boudreau
Elizabeth Bourgeois
Geoffrey Bourgeois
Bradford C. O'Brien and Judith M. O'Brien, Trustees, The O'Brien Family Trust U/D/T 7/1/92
Tracey Wong Branco
David L. Brantley
N.A. Bridge Bank
Frano Britvic
Jonathan Brust
Robert F. Buchheim and Marion K. Buchheim Trust dated 9/6/72 - Trust C
Joan Burke
Cash Butler
C. Lyn Crooms
Beth Cail
Janet Caldon
John Callahan
Gregory Campbell
James R. Campbell
Kelly Canady
CapEx
Ralph and Beckie Carter
Ben Casado
Jan Paolo R. Casanas
CDC Kineon
CDC Kineon
Garett Cecchini
Ulhas Chamkeri
Darryl L. Chan
Chase Securities, Inc.
Mahendra  Chedda
Henry H. Chen
Yunxia  Chen
Kenneth  Chin
Illango Chinnasamy
Hanford J. Chiu
Ricky  Chiu

Chris Slater
Christensen Family Trust
Brian Christianson
Glenda Citragno
Robert Clemens
Janet Mele Coatney
Communication Ventures III, L.P.
Communications Ventures III CEO & Entrepreneurs' Fund, L.P.
ComVentures IV CEO Fund, L.P.
ComVentures IV Entrepreneurs' Fund, L.P.
ComVentures IV, L.P.
Connecticut Avenue Investments, LLC
Grania Connors
Act
Gregory T. Cook
Covell Family Trust
Paige L. Covell  - RBC Dain Rauscher Custodian for
Bruce Crain
Elizabeth J. Crewe
Owen Cunningham
Cutler Trust, Dated July 11, 1989
John J. Dacey
Danforth, L.L.C.
Steve Daniel
Michael Darretta
David Allen
David C. Joiner
Deborah Moffat
Deepak Raghavan
Kirk Deininger
Dennis Castaldi
Jayesh Desai
Robert Desroches
Diamond Family Trust - 2005
Diamond, Philip R. - Charles Schwab and Co., Inc., FBO IRA Rollover Account No. 2498-4830
Patricia S. Dickens
Joanna Dienstbier
Jennifer Dikran
Patrick Tom Dobaj
Cynthia Doherty
Nancy Doherty
Anne Doremus

Kenneth Due
James Dullanty
James Dullanty
Dwight & Robin Badger Joint Tenants
Dwight & Robin Badger Joint Tenants
Margo Eakin
Margo M. Eakin
David A. Eck and Wendy Eck, Joint Tenants with Rights of Survivorship
Eclipse Micro Computer, Inc.
Eggerth 1999 Revocable Living Trust – Richard Andrew Eggerth and Lucy Webster Eggerth, Trustees
Maxine L. Eggerth
Irina Elgort
Elizabeth Bourgeois
Brian C. Erb
Roger and Denise Erickson
Ernest Ferraro
Essential Computing Limited
Estelle Yarbrough
F.E.N.I.C.E.
Jim Farrell
Farrens' Family Trust
Farrens' Family Trust
Lance D. Fieldman
Lance D. Fieldman
Steve M. Fieldman
Janice Fischer
Karl  Fischer
Stanley Fisher
Stanley Fisher
Mark Fleisher
Michael J. Forkin
Susan F. Fourby
Laura Fowler
Winifred L. Fox, Trustee, The Eggerth Children 1999 Irrevocable Trust
Francis Y. Chin
Jerrold D. Franklin
Frederick Hessler
Ben Freeland
Pablo Fuentes
Monte Funk
Burt A. Furuta
G. Barry Lacy

G. Barry Lacy C/F Elizabeth A. Lacy
Robert Gallo
Hanzhu Gang
GAP Coinvestment Partners III, L.P.
GAP Coinvestments IV, LLC
GAPCO GmBH & Co. KG
GAPStar, LLC
GAP-W, LLC
Michael S. Gausman
Alexa Gausman - Michael S. Gausman, as custodian under the California Transfers to Minors Act
Michael W. Gausman
Randall K. Gausman
Shannon K. Gausman
Susan Gausman
William D. and Gloria Gausman
GC Technology Fund, L.P.
General Atlantic Partners 77, L.P.
General Atlantic Partners 78, L.P.
Geneva Venture Partners
Geneva Venture Partners II
Geneva Venture Partners II
Geneva Ventures, L.P.
Geoffrey Bourgeios
Joseph H. Giammarco
Andrew J. Gioumousis
Elizabeth  K. Gioumousis
George Gioumousis
Martha P. Gioumousis
Peter  E. Gioumousis
Anne-Emilie Gravel
David Greene
Carl Greer
Carl Greer
Greg Campbell
H&Q Employee Venture Fund 2000, L.P.
Chul Soo Ha
Hambrecht & Quist California
Nicholas Hanson
Lee S. Harris
Stuart Harris
Harry Han
Philip Hawtrey

Bret Hekking
Jay Helmer
Gemma Herana
Matthew W. Herreras
Alex Hill
Edward and Sharon Holbrook, Family Trust, dated December 9, 1996
Karen Y. Honma
William A. Horton
David Hou
Bill Houghton
Richard  Huang
Lily Hui
Wai H. Hui
Mychael Huynh
Paul R. Hvidston
IBM
Innovative Technology Partners
Innovative Technology Partners
Innovative Technology Partners II
Innovative Technology Partners II
J. Andrew Joiner
Ronald E. & Barbara Jackson
James C. Joiner
Jayant Chaudhary
JBCL O'Brien Partners, L.P.
Allan Jeffrey
Jennifer Dikran
Roberta Jester
Jim Farrell
Barbara Johnson
Gary Johnson
Kimberly L. Johnson
Joseph McCaskill
Joseph Nezi
Jeffrey Kaufman
Roslyn Kaufman, Trust U/A/D 7/2/96, Roslyn Kaufman Trustee
Arlina Kayla -Thomas Mele, Custodian under the Arizona uniform transfers to minors act
Michael Keefe
Richard D. Keefer
Shari B. Kendle
Kennedy Family Trust
Steve Kennedy

William Kennedy
Kye Kim
W. Brian Kinard
December 22, 2000
Karli M. King
Steven King
Steven B. King  - Steven R. King, as Custodian under the California Uniform Transfers to Minors Act
Warren and Marjorie King
Jack R. Kinne
Sajithkumar Kizhakkiniyil
Klei Family Trust, Steven E. Klei and Kathleen M. Klei as Trustees, U/A/D November 12, 2003
Steve Klei
Klei, Steven E.  and Kathleen M. Klei as Trustees of the Klei Family Trust U/A/D November 12, 2003
John Klink
Richard C. Knudsen
Marc Kodama
Howard Konopka
Harold Kotler
Joanne Kozinski
Kris Smith
Cecilia M. Kuhn - Naomi Kuhn, Custodian under CUTMA
Samuel B. Kuhn - Naomi Kuhn, Custodian under CUTMA
Michael LaFave
Francis Lambert
Steve R. Lane
Paul A. Lansky
MaryBeth Lassman
Daniel and Sandra Lawrence
Victoria Lawson
LC III, L.L.C.
Lewis Mercado
David E. Liebowitz
Matthew P. Liebowitz
Peter B. Liebowitz
Sarah H. Liebowitz
61123031
61123031
Scott Littman
Bob Liu
Su-Mei Liu
Peter J. Logan
Peter J. Logan

Lost Angel Ventures, L.L.C.
Gary Lowe
Graeme Lowther
Thomas Lynch
Michael Madigan
Peter Mallon
Saul Marcus
Mark Fleisher
Robert Mark
Trish Massart
Joann M. McArdle
Bill McCann
Bill McCann
Tim McCarthy
Lisa McCord
Sam  McCord
Stacy McCord
Debbie McCulloch
Diane McIntyre
Joseph McIntyre
Patrick McIntyre
McKannay Family Trust
Caren Elizabeth McKinnie
Caren Elizabeth McKinnie
Michael T. McLean
Holli McMann Bohren
Bruce M. McNamara
MediaTel Capital
MediaTel Management S.A.
Kayla Mele - Thomas Mele, Custodian under the Arizona uniform transfers to minors act
Janet Mele Coatney
Mele Family Trust, Ralph Mele and Aline M. Mele, Trustees, U/D/T dated December 11th, 1987
Arlina Mele - Thomas Mele, Custodian under the Arizona uniform transfers to minors act
Arthur N. Mele
Ralph Mele
Ralph Mele and Aline M. Mele, Trustees of the Mele Family Trust U/D/T dated December 11th, 1987
Thomas Mele
Ramonette Mendoza
Velin Mezinev
Michael D. Schini
George Middlemas
Kristen Milette

Vladimir Milutin
Bryan Mitchell
Andrew Moffat
Deborah Moffat
Razeen Mohideen
Ignatio Monahelis
James F. Moore III
John Moore
William Moore
Christina Morgan
Paul Morris
Mt. Washington Associates L.L.C.
Patrick & Laura Murphy
Ganesh Kumar Muthiah
Michael Myers
Debankur Naskar
Michael Nepomuceno
Neptune Capital Partners Fund, LLC
Neptune Explorer Fund Ltd.
Neptune Explorer Partners
Dirk David Neumann
Christopher J. Nevis  and Carrie A. Lubinski, as Joint Tenants of Survivorship
Judy Nguyen
Christopher A. Niesar
George F. Niesar
Gerald V. Niesar
Kirsten H. Niesar
Thomas V. Niesar
Denise Nikoloff  - a married woman, as her sole and separate property
Novus Annex Fund, L.P.
Novus Ventures II, LP
Novus Ventures II-A, LLC
Novus Ventures LP
Oban Securities Limited
O'Brien Family Trust, Bradford C. O'Brien and Judith M. O'Brien, Trustees, U/D/T 7/1/92
Olivia Marsh Projects Limited
Craig Olson
ORIX USA Corporation
ORIX Venture Finance LLC
Wei Ouyang
Pablo Fuentes
Carlos Paiva

Dongwook Park

2001

Patrick Tom Dobaj

Cyndi Pedrazzi (Melendez)

 Stacy Peng (Chu)

Petersen Living Trust, Robert E. Petersen, Margaret M. Petersen Trustees, R.E. & M. dated 1/17/83

Mike Peterson

Petkanics-Gerstenschlager Family Trust UDT Dated February 16, 2000

Silvio Petrassi

Adric Petrucelli

Ramon Pfeiffer

Philip Hawtry

Koa Pickering

John F. Pierson

Therese Pimentel

Pimm Fox

Bo Pitsker

Victor Pizzolato

Robert W. Plaseski

Frederic Poirot

Robert Pollock  SEP - MLPF&S Cust FBO

Veda Ponnusamy

Samuel C. Porterfield

James Powell

Pyramid Technology Ventures I, L.P.

Huy T. Quach

Sheldon J. Quan

Viswanathan Rajamannar

Ralph Mele and Aline M. Mele, Trustees of the Mele Family Trust U/D/T dated December 11th, 1987

Randall K. Gausman

Brian Rankin

Anand Rao

Kyle Raymond

Laura Raymond

Travis Raymond

REE Investments LLC

Stephen Reny

Russell S. Reynolds III

Russell S. Reynolds Jr.

Doris Rice

Steven Richardson

Jack Ripsteen

Carol Risley
Robert E. Petersen, Margaret M. Petersen Trustees, R.E. & M. Petersen Living Trust, Dated 1/17/83
Robert E. Petersen, Margaret M. Petersen Trustees, R.E. & M. Petersen Living Trust, Dated 1/17/83
Kristen Roberts
Laurie Robinson
Patricia Rochette
Roger and Denise Erickson
Brad Rohal
Philippe Rollet
Alice Rollins
Suzanne Rollinson
Joseph Romanowski
Mary J. Romero
Vera F. Rossi
Safiali Rouhi
RRV Partners, LLC
Jonathan T. Rubens
Jonathan T.  Rubens
Russel G. Thornton & Elizabeth B. Thornton JTWROS
Nicholas Russo
Uwe Ruttke
Patrick W.C. Sager
Jagadish Samantarai
Samuel G. McCaskill
Jeffrey J. Sarafa
Thomas Savage
Ellen Schultz
Richard H. and Maureen K. Schweickert Jr.
Richard H. & Betty M. Schweickert
Janet Noriega Schwind
Doug Sechrist
Peter Seeger
Seldon, David L. & Joan P. Seldon TR Dtd 08/11/88, David Seldon & Joan Seldon TTEES
Sequel Entrepreneurs' Fund III, L.P.
Sequel Limited Partnership III
Partha Seshadri
Veena Setlur (Sathyam)
Ajay Shah
Thomas J. Shambo
Stephen C. Shank
Jennifer A. Shea
Linda Shelby

Richard B. Sheroff
Rostic Sheykhet
Max Shoka
Michael E. Short
Sid and Jan Sief, husband and wife as Joint Tenants With Right of Survivorship
Walter & Nancy Simone
Frank Siskowski
James M. Sitkin
Lesley Sitkin
Dick Sladek
Chris Slater
Eric Smigielski
Richard and Karen Ross Smigielski
Wesley Smigielski
David L. Smith
Philip Smolek
Scott Stanley
Steven E. Klei and Kathleen M. Klei as Trustees of the Klei Family Trust U/A/D November 12, 2003
Steven R. King and Kay A. King, as Trustees of the Steven R. and Kay A. King Revocable Trust, Dated
Steven R. King, as Custodian for Steven B. King, under the California Uniform Transfers to Minors Act
Alan C. Stickler
Michael Sullivan
Vijaya Swamy
Lydia Sweezer
Jennifer Taylor
Taylor-Tyree Family Trust u/a/d 3/14/98
TeleSoft Partners 1A, L.P.
TeleSoft Partners II QP, L.P.
TeleSoft Partners II SBIC, L.P.
TeleSoft Partners II, L.P.
TeleSoft Strategic Side Fund I, L.L.C.
Amit Tewari
The Dobaj Family Trust
The Moffat Family Trust
The Neptune Fund Limited
The Petkanics-Gerstenschlager Family Trust UDT Dated February 16, 2000
Randy Thelen
David E. Tice
George Tomura
Liz Tran (Thanh)
Kenji Treanor
Nancy Treolo (Lewis)

Curt Uehlein
Jessica Ulrich
Stephen Bessette, Van Liew Trust Company Custodian, IRA Rollover
Rick Vandenberg
Fong Vang
Michael D. Vannucci
Neelima Varudandi
Mayre Veliz
Victor Kaitel
David Waitrovich
Wall Street Technology Partners, LP
Wallace Irrevocable Trust (1997), Kirk Misaka, Trustee
William C. and Jill S. Wallace as Community Property
Judi Wallner
Brian Walsh
Peiwen Wang
Warren King and Marjorie King
Gary Weinert
Gerald Wichmann
Pilar Wienke
William E. Bankert & Joan Bankert, Trustees UDT 9/30/02, Community Property
Michael Williams
Robert Williams
Tracy P. Wirta
Wolf Venture Fund III, L.P.
Carol J. Wolf
Ricky Wong
Chris Wood
Mike Woyak
WS Investment Company 99B
Samuel H. Yan
Russ Yoshinaka
Jim Zanze
Bruce P. Zelis
Zhenyu Zha
Shenxue Zhou
Zhao Ji (George) Zhou
David  Ziering
Rudolf Zubiller
Hubert and Fang Sim