For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GA ESCROW, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AUTONOMY CORPORATION PLC,<br><br>    Defendant.<br>_____/ | No. C 08-01784 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

On November 7, 2008, the Court heard oral argument on defendant's motion to dismiss plaintiff's first amended complaint. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

## BACKGROUND

The Court described the facts of this case in its July 8, 2008 Order as follows:

> On or about July 3, 2007, defendant Autonomy Corporation PLC ("defendant"), plaintiff GA Escrow, LLC ("plaintiff"), Zantaz, Inc. ("Zantaz") and Antelope Acquisition Corp.[1] ("Antelope") entered into an Agreement and Plan of Merger ("merger agreement") by which defendant acquired, through its wholly owned subsidiary Antelope, all of the outstanding shares of Zantaz capital stock for approximately $400 million. Pursuant to Article VIII of the merger agreement, $20,500,000 was withheld from the acquisition and placed into escrow to satisfy potential indemnification claims by defendant, with any

---

[1] All facts are taken from plaintiff's complaint and the documents whose contents it references. *See Branch v. Tunnell*, 14 F.3d. 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

unclaimed portion to be paid to plaintiff, Zantaz's former shareholders, and former holders of vested Zantaz options and warrants to purchase Zantaz shares (collectively, "escrow participants").[2]

Article VIII entitled defendant to seek indemnification for various losses, including breach by Zantaz of any representation or warranty, or any covenant or agreement, contained in the merger agreement. Any losses defendant claimed had to be made in writing and delivered to plaintiff and U.S. Bank, the appointed escrow agent and manager of the escrow fund.

The July 20, 2007 escrow agreement into which plaintiff, defendant and U.S. Bank entered contained a similar provision, requiring defendant to "set forth the amount requested, and in reasonable detail the specific basis for the determination of the amount of the claim and as to why [defendant] is entitled to the payment of such amount (to the extent then known by [defendant]) . . . ." *See* Def.'s Motion Ex. B at 2-3. Plaintiff could object to the claim in writing within 10 business days, the so-called "Objection Period." *See id.* at 3. In the event that U.S. Bank received such an objection within 10 business days, the escrow agreement instructed U.S. Bank to not disburse the disputed portion, pending resolution as provided by the agreement. *See id.* If the objection period passed without U.S. Bank receiving an objection, the escrow agreement authorized U.S. Bank to disburse the requested amount. *See id.*[3]

On September 11, 2007, defendant sent plaintiff and U.S. Bank a "Notice of Claim and Payment Request" for approximately $8 million. *See* Def.'s Motion Ex. C at 1 ("[Defendant] has incurred Losses or anticipate[s] that [it] will incur Losses for which [it is] entitled to indemnification pursuant to the Merger Agreement. The amount of such Losses or a reasonable estimate of the foreseeable maximum amount of such Losses is equal to approximately $8,000,000."). Defendant's September 11, 2007 correspondence advised plaintiff and U.S. Bank that the "letter shall constitute (i) a Notice of Claim pursuant to Section 8.5 of the Merger Agreement, and (ii) a Payment Request with respect to indemnification for Losses under Article VIII of the Merger Agreement in accordance with Section 3(b) of the Escrow Agreement." *Id.* Defendant described the "basis for such Losses" as follows:

> 1. <u>Accounts Payable / Liabilities for Fixed Assets</u>
> [Zantaz] (i) has material liabilities for fixed assets in the amount of approximately $2,000,000 which were not disclosed to [defendant], and (ii) did not properly reflect additional accounts payable in its financial statements in the amount of approximately $2,000,000. [Defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.
>
> 2. <u>Accounts Receivable</u>
> [Zantaz] made inadequate provision for uncollectible accounts receivable in an amount equalling (sic) approximately $2,000,000, and [defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.
>
> 3. <u>Insufficiency of Accruals in Financial Statement</u>

---

[2] The escrow participants signed an agreement appointing plaintiff to act as the representative, attorney-in-fact and agent for and on behalf of the escrow participants.

[3] The merger agreement, likewise, provided, "if [plaintiff] does not timely give notice to [defendant and U.S. Bank] in accordance with the terms of the Escrow Agreement that it disputes the claim for indemnity that is subject to the Notice of Claim, the Losses specified in such Notice of Claim will be conclusively deemed Losses subject to indemnification hereunder and the Escrow Agreement." *See* Def.'s Motion Ex. A at 67.

> [Zantaz] made inadequate provision for accrued liabilities in its financial statements in an amount equalling [sic] approximately $2,000,000, and [defendant is] entitled to indemnification for such amounts pursuant to Section 8.2(a) of the Merger Agreement.
>
> *Id.* at 2. As plaintiff did not object to defendant's notice of claim prior to the close of the objection period on September 25, 2007, U.S. Bank accordingly released the funds requested by defendant. On October 2, 2007, plaintiff sent a written objection to defendant and U.S. Bank, advising them that it considered defendant's "Notice of Claim and Payment Request" deficient because it failed to meet the requirements of the escrow agreement.

*See* Order Granting Defendant's Motion to Dismiss the Complaint with Leave to Amend ("July 8 Order"). [Docket No. 20] On March 4, 2008, plaintiff filed a complaint against defendant in the San Francisco Superior Court alleging six causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) fraudulent misrepresentation, (4) negligent misrepresentation, and (5) unjust enrichment. The sixth cause of action sought an accounting of the exact losses in order to obtain a proper disbursement of the monies from the escrow fund.

On April 2, 2008, defendant removed the action to federal court, pursuant to the diversity jurisdiction provisions of 28 U.S.C. § 1332 and the removal provisions of 28 U.S.C. § 1441(b), and on April 9, 2008, defendant moved to dismiss plaintiff's complaint.

The Court found that the fundamental problem underlying plaintiff's causes of action was that plaintiff did not dispute that it received defendant's notice in accordance with the delivery provisions in § 11 of the escrow agreement, nor did it allege that the parties' agreements were invalid. The terms of those agreements expressly provided plaintiff ten business days to object to defendant's notice of claim. Plaintiff did not deny that it had a contractually afforded opportunity to object on the very grounds that it raised, namely that defendant's notice was deficient and not in compliance with the parties' agreements, and that plaintiff failed to lodge an objection of any kind. The Court held,

> By the terms of the parties' agreements, plaintiff's failure to object triggered the contractual provisions that deemed the 'Notice of Claim and Payment Request' conclusively proper and caused U.S. Bank to release the requested funds from escrow. The express terms of the parties' agreements bar plaintiff's claims as a matter of law. Even assuming the truth of plaintiff's allegations and drawing all inferences in plaintiff's favor, plaintiff's complaint fails to state a claim on which the Court could grant relief.

*See* July 8 Order, at 6.

Plaintiff filed its first amended complaint ("FAC") on August 1, 2008, bringing the same six

3

causes of action but alleging new facts regarding the purported misrepresentations by defendant. Specifically, plaintiff claims that it failed to file an objection within the contractual period because of misrepresentations by defendant. According to plaintiff, there was nothing in the notice of claim filed by defendant to indicate that it was fraudulent. *See* FAC, ¶ 19. After the last day for filing an objection to the notice of claim, plaintiff "for the first time was advised by a former officer of [Zantaz] with knowledge of [Zantaz's] finances that there was no basis for the claimed Losses listed in [defendant's] Notice of Claim." *See id.*, ¶ 20. Plaintiff then requested that defendant provide specific detail to support its claimed losses, but defendant "refused to provide any information or documentation, and instead noted only that [plaintiff] was too late to object to its claimed Losses pursuant to the terms of the Escrow Agreement." *See id.*, ¶ 21, 22. Plaintiff also alleges that defendant has subsequently "stifled [plaintiff's] continuing efforts to verify the accuracy of [defendant's] claims by cautioning the former Zantaz officer who advised [plaintiff] . . . against providing assistance to [plaintiff]." *See id.*, ¶ 24.

Now before the Court is defendant's motion to dismiss plaintiff's first amended complaint.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th

4

1 Cir. 2007) (internal quotation marks omitted).

2 If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff pleads fraudulent and negligent misrepresentation with sufficient particularity

Defendant contends that, notwithstanding plaintiff's new allegations in the FAC, plaintiff has failed to allege fraudulent and negligent misrepresentation with the requisite specificity. Federal Rule of Civil Procedure 9(b) provides that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud. The statement in question must be false to be fraudulent. . . . [C]ircumstances indicating falseness [must] be set forth." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original). To allege fraud with particularity,

> a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which *constitute* the fraud.

*Id.* at 1548 (emphasis in original).

In this case, defendant argues that plaintiff's fraud allegations in the FAC do not meet the Rule

5

9(b) standard for several reasons. First, defendant contends that the FAC is not sufficiently specific because it does not include the former officer's name. This level of detail is not required by Rule 9(b). The particularity requirement refers to the circumstances constituting fraud, not the circumstances by which a party learned of the purported fraud. In any event, plaintiff has apparently identified this individual in its initial disclosures to defendant as the former CFO of Zantaz. *See* Pl. Opp. to Def. Mot. to Dismiss, at 7.

Defendant also contends that the FAC is deficient because plaintiff does not allege facts demonstrating that defendant knew that the payment request, which led to the purportedly false losses claimed by defendant, was false when defendant submitted it. Plaintiff alleges only that the former Zantaz officer disclosed to plaintiff after the fact that there had been no basis for defendant's losses when defendant claimed them.

Defendant relies on *GlenFed* for its contention that a plaintiff must plead facts explaining why the statement was false when it was made. This case, however, is from the securities fraud context, which distinguishes it from the instant case. *GlenFed* explained that "[w]hat makes many securities fraud cases more complicated is that often there is no reason to assume that what is true at the moment plaintiff discovers it was also true at the moment of the alleged misrepresentation, and that therefore simply because the alleged misrepresentation conflicts with the current state of facts, the charged statement must have been false." 42 F.3d at 1548. *GlenFed* therefore held that Rule 9(b) requires "an explanation as to why the disputed statement was untrue or misleading *when made*." *Id.* at 1549 (emphasis in original).[4] An example from *GlenFed* illustrates why it is not necessary in this case for plaintiff to plead facts showing that defendant knew there was no basis for the losses when defendant claimed them. *GlenFed* explained:

> [A] plaintiff might allege that he bought a house from defendant, that defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on landfill, or in a highly irradiated area; plaintiff could simply set forth these facts (presumably along with time and place), allege scienter in conclusory fashion, and be in

---

[4] *Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999), was also a securities fraud case and involved allegedly false statements concerning the defendant's representations about the value of certain stocks. Citing *GlenFed*, *Yourish* affirmed the trial court's dismissal of the complaint because of plaintiff's failure to allege true facts inconsistent with the defendant's representations. *See* 191 F.3d at 944.

6

> compliance with Rule 9(b). We agree that such a pleading would satisfy the rule. Since "in perfect shape" and "built on landfill" are at least arguably inconsistent, plaintiff would have set forth the most central "circumstance constituting fraud"–namely, that what defendant said was false. Notably, the statement would have been just as false when defendant uttered it as when plaintiff discovered the truth. The house was always defective because it was always built on landfill.

*Id.* at 1548.

This case is like the hypothetical fraud in *GlenFed*. Plaintiff alleges that defendant submitted a notice of claim on September 11, 2007 detailing losses amounting to $8 million, and that plaintiff subsequently discovered there was no basis for the losses when defendant claimed them. Defendant either had a basis for the losses when it claimed them on September 11 or it did not. Like a house that was always built on a landfill, defendant's losses (according to plaintiff) were always non-existent.

The other authorities cited by defendant are similarly inapposite. *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001), affirmed the trial court's dismissal for failure to meet the specificity requirements of Rule 9(b) because the complaint was not specific enough "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge . . ." 245 F.3d at 1051-52. The alleged misconduct here is perfectly clear: defendant filed a claim for losses of $8 million, but–it is alleged–there was no basis for these losses.

Accordingly, the Court finds that plaintiff has alleged its claims of fraudulent and negligent misrepresentation with the requisite particularity and DENIES defendant's motion to dismiss these claims on this ground.

**II.     Defendant's motion to dismiss plaintiff's negligent misrepresentation claim is moot**

Defendant contends that plaintiff has failed to state a claim for negligent misrepresentation because plaintiff alleges purely economic losses, which do not constitute cognizable injury under California law. The economic loss rule does not bar fraud and intentional misrepresentation claims, however, if those claims are independent of a breach of contract claim. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

According to defendant, plaintiff's negligent misrepresentation claim mirrors its breach of contract claim because in both claims, plaintiff seeks the $8 million it paid defendant. Plaintiff responds

7

1 that the two claims are distinct: the negligent misrepresentation claim depends on defendant's submission of purportedly false losses, while the contract claim is based on defendant's submission of a payment request that breached the parties' contract by, *inter alia*, failing to describe the reported losses with sufficient detail.

The Court need not decide this issue because, as discussed below, the Court will dismiss plaintiff's breach of contract claim, thereby mooting defendant's argument that the two claims are not sufficiently independent. Accordingly, the Court DENIES defendant's motion to dismiss on this ground.

### III. Defendant's motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing is moot

Defendant moves to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Defendant contends that plaintiff has failed to seek damages that are distinct from its contract claim. "A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself . . ." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (2d Dist. 1990) (citation omitted). Again, the Court need not decide this issue because, as discussed below, the Court will dismiss plaintiff's breach of contract claim, thereby mooting defendant's argument that the two claims are not sufficiently independent. Accordingly, the Court DENIES defendant's motion to dismiss this claim.

### IV. Plaintiff's claim for unjust enrichment must be dismissed because there is an express contract in this case

Defendant moves to dismiss plaintiff's claims for unjust enrichment and accounting, arguing that there are no such causes of action under California law. Defendant is correct that there is no cause of action in California for unjust enrichment. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2d Dist. 2008)*; see also Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 792 (2d Dist. 2003) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."). A plaintiff cannot

survive a motion to dismiss an "unjust enrichment" cause of action if the complaint also alleges tort claims and claims based on the existence of a valid, express contract between the parties. *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). The authorities cited by plaintiff do not hold otherwise. *See Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2d Dist. 2000) (claim based on events after letter of credit expired); *Browning v. Yahoo!, Inc.*, No. 04-1463, 2004 U.S. Dist. LEXIS 22873, at *2 (N.D. Cal. Nov. 4, 2004) (no written contract existed); *Hirsch v. Bank of America*, 107 Cal. App. 4th 708 (1st Dist. 2003) (no contract claim alleged).

At oral argument, counsel for plaintiff directed the Court's attention to *McBride v. Boughton*, but this case confirms that "unjust enrichment" is "a general principle," not a cause of action or a remedy, and is "synonymous with restitution." 123 Cal. App. 4th 379, 337 (1st Dist. 2004). In *McBride*, the plaintiff improperly pled unjust enrichment, so the court construed his complaint as "an attempt to plead a cause of action giving rise to a right to restitution." *Id.* at 338. *McBride* explained that restitution may be awarded "in lieu of breach of contract damages" when an express contract was procured by fraud, is unenforceable, or is ineffective. *Id.* Alternatively, it may be awarded where the defendant "obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct," and the plaintiff chooses to seek restitution on a quasi-contract theory instead of suing in tort. *Id.* This is "an election referred to at common law as 'waiving the tort and suing in assumpsit'." *Id.* The plaintiff in *McBride* did not have an express (but unenforceable) contract, so the court considered whether he could state a claim for restitution based on a quasi-contract. *Id.* at 388-89.

In this case, there is no dispute that a contract existed between the parties. Plaintiff does not allege that the contract was procured by fraud, is unenforceable, or is ineffective. Indeed, its claim for breach of the implied covenant of good faith and fair dealing presupposes that the merger and escrow agreements were valid. It is also clear that by pleading fraudulent and negligent misrepresentation, plaintiff has not waived its tort claims. Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's cause of action for unjust enrichment.

**V.      Plaintiff's right to an accounting is properly based on plaintiff's remaining claims**

9

Defendant argues that plaintiff's claim for an accounting must be dismissed because plaintiff has no remaining valid claims. Defendant is correct that the right to an accounting is derivative and must be based on other claims. *Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833 (1st Dist. 1998). As the foregoing discussing makes clear, plaintiff has valid claims on which to base its right to an accounting. Accordingly, the Court DENIES defendant's motion to dismiss this claim.

**VI.    Plaintiff states no new basis for its breach of contract claim**

In support of its claim for breach of contract, plaintiff reasserts the same arguments raised in opposition to defendant's first motion to dismiss. As noted at the outset, the Court held that plaintiff's breach of contract claim was barred by the terms of its agreement with defendant, which provided plaintiff an opportunity to raise these claims during a contractually agreed period. Plaintiff does not deny that it could have raised these objections during the notice period. Accordingly, defendant's motion to dismiss plaintiff's breach of contract claim is GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss plaintiff's first amended complaint.

**IT IS SO ORDERED.**

Dated: November 7, 2008

SUSAN ILLSTON
United States District Judge